# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53417-7-II |
| Respondent, | |
| v. | |
| ADAM TERRY GROSS, | UNPUBLSHED OPINION |
| Appellant. | |

LEE, C.J. — Adam T. Gross pleaded guilty to second degree malicious mischief and third degree theft. Gross appeals his judgment and sentence, alleging it erroneously references the incorrect statute for theft in the third degree. After Gross filed his appeal, the State moved to correct the scrivener's error in the judgment and sentence, and the superior court then corrected Gross's judgment and sentence. Gross's appeal is moot because the relief requested has been granted. Accordingly, we dismiss Gross's appeal.

## FACTS

On April 10, 2019, the State charged Gross with second degree malicious mischief (Count 1) and third degree theft (Count 2). Gross pleaded guilty, and the superior court sentenced him directly thereafter. Gross's judgment and sentence lists the statutes to which he pleaded guilty and referenced third degree theft as RCW 9A.50.050 and RCW 9A.56.020. RCW 9A.50.050 is a civil

statute regarding damages for actions against a health care facility. RCW 9A.56.020 is a criminal statute defining theft.

Gross appealed, arguing that the reference to RCW 9A.50.050 was a scrivener's error. Gross requests that we remand to the superior court to strike any mention of RCW 9A.50.050.

On December 13, 2019, the State moved this court to grant permission to the superior court to correct the error. A commissioner of this court granted the motion, giving permission to the superior court to enter a corrected judgment and sentence. The commissioner also ordered that upon filing of the corrected judgment and sentence, the appellant must move to dismiss the appeal.

The State then moved the superior court to correct the judgment and sentence by removing mention of RCW 9A.50.050 and replacing it with RCW 9A.56.050. On January 3, 2020, the superior court granted the State's motion and issued a corrected judgment and sentence, replacing RCW 9A.50.050 with RCW 9A.56.050 as the statute listed for the theft in the third degree conviction.

## ANALYSIS

The State argues that we should dismiss this appeal as moot because the superior court has issued a corrected judgment and sentence with the correct statute listed. We agree.

A case is basically moot if the court can no longer provide the relief sought or can no longer provide effective relief. *State v. Cruz*, 189 Wn.2d 588, 597, 404 P.3d 70 (2017); *Josephinium Associates v. Kahli*, 111 Wn. App. 617, 622, 45 P.3d 627 (2002). Generally, a moot case will be dismissed. *Cruz*, 189 Wn.2d at 597.

No. 53417-7-II

Here, we can no longer provide effective relief to Gross because the superior court has corrected the judgment and sentence to reflect the correct statute, RCW 9A.56.050. This is the relief Gross originally sought. Therefore, Gross's appeal is moot because his requested relief has been obtained. Accordingly, we dismiss Gross's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, C.J.

We concur:

Worswick, J.

Maxa, J.

3